A. D. KENAMOND, Judge.
On the morning of April 14, 1952, at about four-thirty o’clock, claimant Henry J. McKinley, of Elkins, West Virginia, was driving his Plymouth automobile over and upon u. s. route 33, in an easterly direction, enroute to Baltimore, whereupon at or near Bowden, Randolph county, West Virginia, he ran his car into a large tree which had slipped from the hillside and fallen across the highway during the preceding night. Claimant in his petition asserts that the front end of his car was demolished, that he was thereby deprived of the use of the same, and that he suffered cuts and bruises to his left knee. For all of this he seeks an award in the sum of $1500.00.
The hearing on this claim was held on October 16, 1952, in the court of claims place of meeting in the state capitol, when testimony revealed that the damages to claimant’s car amounted to approximately $681.00. The major part of the testimony related to the weather conditions immediately before and at the time of accident, the probable time when the tree fell across the highway, the efforts of the state road commission to patrol the par *112 ticular portion of highway involved and to keep it free from obstructions, and the claimant’s approach to the point of accident.
The claimant stated that at the time of the accident Victor Goldberg was riding with him, that they were traveling at forty to forty-five miles per hour and talking as they went along, apparently not anticipating an obstruction in the highway, and suddenly about sixty feet ahead of them they saw a rather large tree lying across the full width of the road proper. At four-thirty o’clock in the morning it was beginning to get light and it was somewhat foggy. There was apparently no chance of stopping the car to avoid a crash nor any safe passage around the tree at either side of the highway.
Victor Goldberg’s presence as a witness could not be secured, he being way down in Virginia. However, his affidavit corroborating testimony of claimant was presented to the court and admitted to record.
Don Isner and Okey Chenoweth, state road maintenance workers, testified for the claimant verifying the accident and the presence of the obstruction across the roadway.
These two workers also appeared as witnesses for the state, and to their testimony was added that of Dewey Phares, road supervisor in that neighborhood. The testimony adduced showed that there had been two hard rainstorms in the region of the accident on the preceding evening, one at about five-thirty or six o’clock and the other a few hours later. Sensing that, as a result of the rains, the highway in the vicinity of Bowden might be rendered hazardous by stone and other debris carried down from the steep hillside, Mr. Phares called Mr. Isner, who lived nearby, to patrol the highway, which he did by going over it more than once. At ten o’clock immediately preceding the accident the highway was free from obstruction.
The evidence revealed the fact that the first intimation or knowledge of the falling of the tree across the highway was given by the claimant himself to the road commission and that prompt steps were taken to remove the tree.
*113 Counsel for the respondent maintained that, in view of the testimony, the state road commission could not be charged with negligence and asked that an award be denied.
To this, counsel for the claimant disclaimed any charge of negligence but asserted that an award is justifiable on the ground that the highway was “Out of repair.”
The term “Out of repair” has by popular interpretation a much less comprehensive application than it has by judicial interpretation, the latter holding that repair applies to obstructions to the highway as well as defects therein. It is doubtless in the latter sense that the term “Out of repair” was used by counsel for claimant. While the state road commission is charged with keeping and maintaining the highways in reasonably safe condition for travel with ordinary care by day and night, there must be some reasonable limitations to the ability of the road commission to provide an unobstructed highway at all times and under all conditions. We believe those limits were reached in the present case. The highway on which accident occurred had been patroled for the discovery and removal of any obstruction brought down from the hillsides after the rainstorm of the preceding night. Who can say that the presence of a road crew on the spot could have prevented the falling of the tree, or being there at the time of the fall they could have removed the obstruction before some one came along in a motor vehicle, or would have had time to send out couriers to halt approaching traffic? As before stated the testimony revealed that the claimant was the first person to discover the obstruction, which might have occurred only a few minutes previously. While the testimony of the road workers showed that this particular tree somewhere up on the hillside had never been detected as a possible menace to the highway, they had at different times removed trees and other objects that might fall on the highway.
The court of claims has repeatedly held that “The state is not a guarantor of safety to the traveling public, since if it had such burden placed upon it the state as a whole might soon be bankrupt and unable to function as a commonwealth or as a body *114 politic. Clark v. State Road Commission, 1 Ct. Claims (W. Va.) 230, at page 231. Harvey v. State Road Commission, 1 Ct. Claims (W. Va.) 345, at page 347. Harmon v. State Road Commission, 2 Ct. Claims (W. Va.) 329. Charlton v. State Road Commission, 3 Ct. Claims (W. Va.) 132. Hutchison v. State Road Commission, 3 Ct. Claims (W. Va.) 217. Hendricks v. State Road Commission, 3 Ct. Claims (W. Va.) 258. Chartrand v. State Road Commission, 5 Ct. Claims (W. Va.) 98. Keystone Hardware, et al, v. State Road Commission, 5 Ct. Claims (W. Va.) 143.
In view of the testimony in the case and other reconsiderations herein set forth, the court denies an award, recognizing that the claimant has recourse to a relief bill in the Legislature of which he is a distinguished member.